IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:11-cv-02812-WJM-BNB

JOE CHRISTOPHER EARLS,

Plaintiff,

v.

COLORADO SPRINGS SCHOOL DISTRICT 11,

Defendant.

**STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION**

The parties (collectively, the "Parties, and individually, "Party") by their respective counsel, hereby stipulate and agree, pursuant to FED. R. CIV. P. 26(c), subject to the approval of the Court, that the following Stipulated Protective Order ("Protective Order") shall govern the disclosure, handling and use of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given, or exchanged by, among, or between the parties or non-party signatories ("Discovery Materials") in connection with discovery in this action:

**IT IS ORDERED:**

1.      This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the Federal Rules of Civil Procedure, and designated as "CONFIDENTIAL."

2.      The Parties have agreed that this Protective Order is appropriate and advisable

2

and have requested the Court to approve the Protective Order to prohibit certain confidential information from disclosure.

3. As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated as "CONFIDENTIAL" shall be information that includes any personnel records of current or former employees of the District, or any other information that a designating Party in good faith believes contains confidential and/or proprietary information, including without limitation Plaintiff's medical records. The parties agree that student education records shall be addressed in a separate stipulated motion and protective order.

5. Information designated as CONFIDENTIAL (collectively "CONFIDENTIAL Information") in accordance with Paragraphs 1 and 4 of this Protective Order shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. Plaintiff's designated representatives;

    b. Defendants' designated representatives;

    c. Attorneys actively working on this case;

    d. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case ("Persons Employed by Counsel");

      e.    Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

      f.    The Court, its employees and agents, court reporters, and their agents in depositions, hearings, or trial in this action ("Court Personnel");

      g.    Stenographic reporters who are actively engaged in proceedings necessarily incident to the conduct of this action ("Stenographic Reporters");

      h.    Deponents, witnesses, or potential witnesses, if there is good cause to believe that the deponent or witness has (i) previously seen the document or (ii) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as CONFIDENTIAL; and

      i.    Any other person designated as a Qualified Person by this Court, after notice and hearing, or designated by written agreement of the Parties.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed in Paragraph 5 (except Court Personal or Stenographic Reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgement in the form of the attached Exhibit A, which has been signed by such person. All such acknowledgements shall be retained by counsel and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.** ~~A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the designating Party. The written notice shall identify the information to which the objection is made and the basis of the objection. If, after timely notice and conference, the Parties fail to resolve their dispute in good faith, the Party contending for such non-confidentiality may seek *in camera review* of the information with the Court to be relieved of the limitations of this~~

4

~~Protective Order with respect to the documents or information in question. If such review is sought, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules.~~

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of the depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter provides the transcript.

10. If testimony concerning CONFIDENTIAL information is elicited at a hearing or at trial, counsel for any Party may request that the Court designate a portion of the transcript to be sealed and treated as CONFIDENTIAL.

11. **Any request to restrict access to materials filed with the Court must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event it is necessary for the Parties to file CONFIDENTIAL information with the Court in connection with any proceeding or motion, the CONFIDENTIAL information shall be used or filed in accordance with the local rules of the Court.~~

12. Before using such CONFIDENTIAL information in connection with an in-court presentation, counsel seeking to use the CONFIDENTIAL information will make reasonable efforts to meet and confer in good faith with the Party who produced the protected information to discuss whether use of the protected information can be avoided. Any disputes will be

resolved by the Court.

13. CONFIDENTIAL information produced in this action shall be maintained in the offices of the designating Party. Copies of CONFIDENTIAL information produced in this litigation, which are provided to persons designated in Paragraph 5 above, shall be maintained only at the office of such person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation. Either party may scan into electronic form any documents produced under this Protective Order and may maintain those documents on a disc, CD or similar storage device upon notice to the other party. The party maintaining documents in any such storage will use the stored documents <u>only</u> in a matter ancillary to this lawsuit, for example, a suit alleging a violation of professional responsibility or other duty.

14. The inadvertent or unintentional production of documents containing, or other disclosure of, CONFIDENTIAL information, without being designated as CONFIDENTIAL at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to specific information discussed or as to any information relating thereto on the same or related subject matter. Documents unintentionally produced without designation as CONFIDENTIAL may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party. The production of documents or other tangible things pursuant to a request for production shall not be deemed a waiver of any right by the producing Party to object to admissibility of such document at a later time.

6

15.     Within thirty (30) days after the conclusion of this litigation, all CONFIDENTIAL information, all reproductions thereof, and all abstracts and compilations therefrom, in the possession of any person identified in Paragraph 5, shall be returned to counsel for the Parties.  The termination of this action shall not relieve counsel or other persons identified in Paragraph 5 obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Protective Order.  Moreover, copies of all deposition transcripts referring to CONFIDENTIAL information shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

16.     The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 17 hereof) after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and/or additions to this Protective Order as the Court may from time to time deem appropriate or as may be requested by the Parties.

17.     All documents and information designated as CONFIDENTIAL shall be used by the Party receiving them solely in connection with this litigation and for no other purpose whatsoever.  Without limitation, no Party receiving CONFIDENTIAL information shall use such information in any other action or proceeding or for any business, commercial, or competitive purpose.

18.     The Parties have agreed that the terms and conditions of this Protective Order shall be effective from the date on which it is executed by counsel for the Parties until the Court rules on the Parties' motion for entry of the Protective Order.  To the extent that the Court might enter a protective order that differs from the terms and conditions of this Protective Order, such protective order shall supersede this Protective Order.

#222584 v2 csp

8

19.     The terms of this Protective Order shall in no way affect the right of any Party or other person (a) to withhold information on grounds of immunity from discovery, including, but not limited to, attorney/client privilege or work product, or (b) to raise or assert any defenses or objections with respect to the use, relevancy, or admissibility at trial of any evidence.

20.     Nothing in this Protective Order shall prevent a Party from any use of his or its own confidential information.

21.     In the event that the Parties, their counsel, or any persons who have consented to be bound to the terms of this Protective Order in any way violate the terms or conditions of this Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for purpose of any contempt proceedings or any action concerning a litigant's right to injunctive relief as a result of such violations.

22.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated May 29, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Respectfully submitted this _____ day of May, 2012.

| **HOWARD & JENSEN LLC** | **BRYAN CAVE HRO** |
|---|---|
| Eric S. Howard | Susan D. Campbell |
| Erin M. Jensen | Deborah S. Menkins |
| | |
| 30 East Kiowa Street, Suite 104 | 90 South Cascade Avenue, Suite 1300 |
| Colorado Springs, CO  80903 | Colorado Springs, CO  80903 |
| Telephone:     (719) 362-5560 | Telephone:     (719) 473-3800 |
| Facsimile:     (719) 584-9002 | Facsimile:     (719) 633-1518 |
| Attorneys for Plaintiff | Attorneys for Defendant |